No. 13,603.

Mosquito Gold Mines, Inc. v. London-Butte Gold Mines Company.

(45 P. [2d] 175)

Decided April 29, 1935. Rehearing denied May 20, 1935.

Messrs. HAWKINS & HAWKINS, for plaintiff in error.

Messrs. GOULD & KUGELER, Mr. DUDLEY W. STRICKLAND, for defendant in error.

*En Banc.*

MR. JUSTICE BOUCK delivered the opinion of the court.

THE plaintiff London-Butte Gold Mines Company, defendant in error here, brought an action against the American Smelting and Refining Company to recover the net proceeds of two ore shipments which the former had made to the latter company's smelter at Leadville in June of 1933. The smelting company filed a motion for substitution of Mosquito Gold Mines, Inc., as defendant. The motion was supported by an affidavit setting forth that the defendant so proposed to be substituted had in the previous month served a notice, claiming the title to the ore represented by the proceeds. No counter-affidavit or other evidence was offered in contradiction of the affidavit, and the substitution was made, the proceeds being deposited in court to abide the result. This procedure constituted an effective interpleader of the two claimants. To the plaintiff's amended complaint the defendant interposed a general demurrer. The only assignments of error now relied upon by the defendant are covered by two contentions: (1) That the aforesaid

demurrer was erroneously overruled, and (2) that the evidence does not support the findings and judgment, which were in favor of the plaintiff.

1. The defendant contends that the plaintiff's amended complaint fails to state a cause of action by not setting forth the nature of the defendant's claim. The pleading alleged the shipments to the smelter, as in the original complaint against the smelting company, and, in addition, alleged the above mentioned substitution of the present plaintiff in error as defendant, and, further, that this defendant "claims some right, title or interest" in the proceeds of the ore shipped to the smelting company by the plaintiff. The amended complaint is sufficient, and the general demurrer to it was properly overruled. It was not necessary, as the defendant contends, to state the nature of the defendant's particular claim. In pleading over, the defendant denied the allegations of the complaint and set out in orderly fashion, by way of cross-complaint, the alleged facts as to the plaintiff's commission of a trespass by mining within the defendant's Key lode mining claim, which is adjacent to the plaintiff's Rock Slide lode mining claim. The defendant also claimed other alleged trespasses by the plaintiff and demanded $25,000 as damages, in addition to the moneys deposited in court. By its replication, answering the cross-complaint, the plaintiff pleads that it had mined—and had a right to mine—the ore in a certain vein which it alleges has its apex within the side lines of its Rock Slide lode mining claim and which dips underneath the surface location of the defendant. To that replication the defendant filed what it terms a rejoinder, being in effect a replication to the plaintiff's answer to the cross-complaint. The issues were aptly framed so as to present the sole question of fact, namely, whether the ore involved was taken by the plaintiff from a vein that had, within the Rock Slide side lines, an apex which, under the settled law of this state, entitled it to follow the vein on its dip, underneath and into the de-

fendant's claim. If the plaintiff did possess such an apex, the proceeds deposited in court belonged to the plaintiff; otherwise not. The method of pleading here employed by the parties is in accord with sound principles under our Code and practice.

2. The only other contention is that there is not sufficient evidence to sustain the findings and judgment. We have carefully examined the record, including various maps, plats, and other exhibits, among them a model representing the workings of the plaintiff. A reading of the testimony, with its numerous references to these exhibits, convinces us that there was a substantial conflict in the evidence. The credibility of the witnesses and the weight of the evidence were matters for the trial judge to determine, a jury having been duly waived. The conclusions reached by him are binding upon us. We find no error in the findings and judgment.

Judgment affirmed.

MR. JUSTICE CAMPBELL not participating.